UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Brian Andrews,<br><br>                              Plaintiff,<br>       -v-<br><br>Diamond Security Services, Ltd., and<br>Samuel Gbajumo,<br><br><br>                              Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Brian Andrews, ("Plaintiff" or "Andrews"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of Defendants Diamond Security Services, Ltd., and Samuel Gbajumo (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) entitled to an extra hour of pay for each day he worked a spread of hours of more than ten (10) hours; and (iii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff further alleges that Defendant breached the Contract under which Defendant was

obligated to pay Plaintiff prevailing/living wages of about $17 an hour instead of the approximate $8-$9 an hour that Plaintiff was paid, and that as a result, Plaintiff is entitled to recover the wages and damages he is owed as a result of such breach, plus prejudgment interest.

4. Plaintiff is also entitled to recover his unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages and/or interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

8. Plaintiff Brian Andrews ("Plaintiff" or "Andrews") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

9. Upon information and belief and all times relevant herein, Defendant Diamond Security Services, Ltd. ("DSS") was a New York for-profit Limited Company.

10. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Samuel Gbajumo ("Gbajumo") who was in charge of the operations and management of DSS.

11. Upon information and belief and at all times relevant herein, the corporate Defendant DSS was owned/controlled/managed by Defendant Gbajumo and were his alter ego, and it was Defendant Gbajumo who controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

12. Upon information and belief, Defendants Robert Uhl and Nor-Bell Service Station Inc. shared a place of business in Suffolk County, New York at 125 Lakeway Drive, West Babylon, NY 11704.

13. At all times relevant herein, Plaintiff was employed individually and/or jointly by defendants.

## STATEMENT OF FACTS

14. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of providing security services. See https://diamondsecurityservices.com/

15. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly operated at several sites and employed approximately 50 or more employees.

16. Upon information and belief and at all relevant times herein, Defendants did public works projects for New York City agencies.

17. At all times relevant herein, Defendants employed Plaintiff to work on Defendants' public works projects under prevailing wage contracts with New York City.

18. Plaintiff was employed by Defendants, individually and/or jointly, from on or about December 12, 2012 to on or about October 4, 2016, excluding the periods from in or around March 2013 to August 2013 and from in or around September 2015 to in or around

December 2015.

19. At all times relevant herein, Plaintiff was individually and/or jointly employed by Defendants as a security guard who performed work at school construction sites within new York City under contracts with the City of New York.

20. From in or around December 2013 to in or around December 2014, Plaintiff worked 48 hours a week; 16 hours a day, 3 days a week. For all other periods of his employment with Defendants, Plaintiff worked 32 hours a week.

21. During 2012-2014, Plaintiff's regular rate of pay was $8 an hour.

22. During 2015, Plaintiff's regular rate of pay was $8.75 an hour.

23. During 2016, Plaintiff's regular rate of pay was $9 an hour.

24. At all times relevant herein, Plaintiff was paid at his straight regular rate for all hours worked in each week including his overtime hours (hours over 40 in a week).

25. At all times relevant herein, Defendants paid Plaintiff for some of his weekly hours worked by check and the remaining hours were paid in cash each week.

26. At all times relevant herein, Plaintiff worked on public works projects such as New York City school construction sites but Plaintiff only received $8-$9/hr an hour in pay, instead of at the prevailing/living wage rates of about $17 an hour he was entitled to under the applicable prevailing/living wage contracts.

27. Upon information and belief, and at all times relevant herein, and throughout the period Plaintiff was employed by Defendants, Plaintiff worked 32-48 hours each week for Defendants.

28. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day; 2-3 days a week, from December 2012 to in or around December 2014 – When Plaintiff

worked more than 10 hours a day, he generally worked 16 hour shifts.

29. A more precise statement of the hours and wages will be made when Plaintiff Andrews obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of plaintiff's wage and time records that defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

30. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL 195(1).

31. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all hours worked by Plaintiff, among other deficiencies.

32. The amount of Plaintiff's hours and wages will be refined when Defendants produce wage and time records it was required to keep under the FLSA and NYLL.

33. Plaintiff incorporates herein, _accurate_ records of his time, wages and employment that Defendants were required to keep pursuant to the FLSA and NYLL.

34. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

35. At all times applicable herein, defendants conducted business with vendors and other businesses outside the State of New York.

36. At all times applicable herein and upon information and belief, defendants conducted business in interstate commerce involving the purchase of gasoline and diesel, auto parts and accessories.

37. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

38. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

39. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

40. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

41. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of one and one half times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

42. At all times relevant herein, Defendants, individually and/or jointly paid Plaintiff less than the required prevailing/living wage rate Defendants were required to pay Plaintiff under the prevailing wage contracts with New York City.

43. At all times relevant herein, Defendants were required to pay Plaintiff at a prevailing/living wage rate of about $17 (including benefit rate) an hour for the period of his employment.

44. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

45. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

46. "Plaintiff" as used in this complaint refers to the named Plaintiff.

47. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

48. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 47 above as if set forth fully and at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

50. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

51. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

52. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

53. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime wage compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq.  and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

54. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 52 above as if set forth fully and at length herein.

55. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

56. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

57. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours most days during the period he was employed by Defendants but Defendants failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4.

### Relief Demanded

58. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime and spread of hours compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

59. Plaintiffs allege and incorporate paragraphs 1 through 58 above as if set forth fully and at

length herein.

60. At all times relevant herein, Defendants breached the prevailing/living wage contracts pursuant to which Defendants were required to pay Plaintiff a prevailing wage rate of about $17 an hour and instead paid Plaintiff $8-$9 an hour.

61. Plaintiff fully performed his obligations under the applicable prevailing/living wage contracts, including any and all condition precedents.

## Relief Demanded

62. Due to Defendants' breach of the Contract, Plaintiff is entitled to and seeks to recover from Defendants, his unpaid wages - the difference between the wage that Plaintiff was paid and the prevailing/living wages that Plaintiff should have been paid under the Contract, plus interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

63. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 62 above with the same force and effect as if fully set forth at length herein.

64. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

65. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his unpaid non-overtime wages and overtime wages, unpaid prevailing wages, and spread of hours wages, Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198, and by making unauthorized deductions from the wages of Plaintiff.

66. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore

entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing defendants to comply with NYLL 195(1).

67. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing defendants to comply with NYLL 195(1).

## Relief Demanded

68. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid non-overtime and overtime wages, unpaid prevailing wages, spread of hours compensation, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

69. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

70. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b );

71. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages, and spread of hours wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, 2.4, together with maximum liquidated damages,

prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

72. As to the **Third Cause of Action**, award Plaintiff any and all outstanding prevailing/living wages, plus interest;

73. As to his **Fourth Cause of Action**, award Plaintiff all outstanding wages, including his unpaid non-overtime wages and overtime wages, spread of hours wages, unpaid prevailing wages, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing defendants to comply with NYLL 195(1) and NYLL 195(3).

74. Award Plaintiff prejudgement interest on all monies due;

75. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

76. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
         **November 6, 2016**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF